UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL ASSOCIATION OF
SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS,
TRANSPORTATION DIVISION,

    Petitioner,

v.

UNION PACIFIC RAILROAD CO.,

    Defendant.

### PETITION TO ENFORCE THREE ARBITRATION AWARDS ISSUED BY THE NATIONAL RAILROAD ADJUSTMENT BOARD FIRST DIVISION

1. This is a petition to enforce three arbitration awards issued by the First Division of the National Railroad Adjustment Board ("NRAB"): Award No. 30618 ("Stewart Award"); Award No. 30349 ("Hewitt Award"); and Award No. 30320 ("Akers Award"), under Section 3 First(p) and Second of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First(p) and Second.

2. Section 153 First(p) and Second of the RLA empowers federal district courts to make such orders or to enter other judgments as may be appropriate to enforce awards and orders of National Railroad Adjustment Boards and Public Law Boards.

3. Venue properly resides in this Court under the provisions of 45 U.S.C. § 153 First(p) and Second, which permits the grievant, or any person for whose benefit an order of the NRAB or a Public Law Board is made, to seek compliance in a district court in which the petitioner resides or through which the carrier operates.

1

4. The Transportation Division of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART-TD") is the duly authorized representative for the purposes of the RLA of the crafts or classes of train service employees employed by Union Pacific Railroad Company ("Union Pacific" or "Carrier"), including conductors.

5. Union Pacific is a corporation engaged in interstate transportation by rail and is a "carrier" as defined by the RLA, 45 U.S.C. § 151 First. Union Pacific has its principal operating office at 1400 Douglas Street, Omaha, NE, 68179. Union Pacific operates through this district.

## COUNT I

6. The facts surrounding Mr. Stewart's claim before the NRAB are explained in detail in the Stewart Award, a true and correct copy of which is attached as Exhibit A.

7. In sum, Mr. Stewart was initially removed from service pending investigation via charge letter dated June 25, 2019. He was thereafter terminated via letter dated July 12, 2019, following an investigation and hearing.

8. Mr. Stewart filed a claim seeking, *inter alia*, reinstatement to service and compensation for lost time and benefits, including reimbursement of monetary losses incurred when obtaining health insurance coverage while dismissed. SMART-TD progressed said claim that was the subject of the Stewart Award in the usual manner permitted by the applicable collective-bargaining agreement.

9. Upon failure of the Parties to reach an agreement, the dispute was referred to the NRAB as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

10. In Case No. 21-1-NRAB-00001-200067, Award No. 30618, the NRAB issued an award sustaining Mr. Stewart's claim in full, and ordered the Carrier to comply within 30 days from the date of the transmission of the award to the Parties.

11. Mr. Stewart was properly returned to work by Union Pacific and received all compensation as ordered by the Stewart Award, except for compensation for health insurance coverage Mr. Stewart paid for while he was wrongfully dismissed from employment.

12. Despite repeated attempts by SMART-TD, Union Pacific has to date refused to reimburse Mr. Stewart for the health insurance costs he incurred in obtaining coverage while improperly dismissed from employment in violation of the clear and unambiguous language of the Stewart Award.

13. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

## COUNT II

14. The facts surrounding R.C. Hewitt's claim before the NRAB are explained in detail in the Hewitt Award, a true and correct copy of which is attached as Exhibit B.

15. In sum, Mr. Hewitt was initially removed from service pending investigation via charge letter dated June 1, 2019. He was thereafter terminated via letter dated June 28, 2019, following an investigation and hearing.

16. Mr. Hewitt filed a claim seeking, *inter alia*, reinstatement to service and compensation for lost time and benefits, including reimbursement of monetary losses incurred when obtaining health insurance coverage while dismissed. SMART-TD progressed said claim that was the subject of the Hewitt Award in the usual manner permitted by the applicable collective-bargaining agreement.

17. Upon failure of the Parties to reach an agreement, the dispute was referred to the NRAB as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

18. In Case No. 21-1-NRAB-00001-200066, Award No. 30349, the NRAB issued an award sustaining Mr. Hewitt's claim in full, and ordered the Carrier to comply within 30 days from the date of the transmission of the award to the Parties.

19. Mr. Hewitt was properly returned to work by Union Pacific and received all compensation as granted by the Hewitt Award, except for compensation for health insurance coverage Mr. Hewitt paid for while he was wrongfully dismissed from employment.

20. Despite repeated attempts by SMART-TD, Union Pacific has to date refused to reimburse Mr. Hewitt for the health insurance costs he incurred in obtaining coverage while improperly dismissed from employment in violation of the clear and unambiguous language of the Hewitt Award.

21. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

## COUNT III

22. The facts surrounding K.M. Akers' claim before the NRAB are explained in detail in the Akers Award, a true and correct copy of which is attached as Exhibit C.

23. In sum, Ms. Akers was initially removed from service pending investigation via charge letter dated July 13, 2018. She was thereafter terminated via letter dated August 18, 2018, following an investigation and hearing.

24. Ms. Akers filed a claim seeking, *inter alia*, reinstatement to service and compensation for lost time and benefits, including reimbursement of monetary losses incurred when obtaining health insurance coverage while dismissed. SMART-TD progressed said claim that was the

4

subject of the Akers Award in the usual manner permitted by the applicable collective-bargaining agreement.

25. Upon failure of the Parties to reach an agreement, the dispute was referred to the NRAB as provided in Section 3 Second of the RLA, 45 U.S.C. § 153 Second.

26. In Case No. 20-1-NRAB-00001-190258, Award No. 30320, the NRAB issued an award sustaining Ms. Akers' claim, with the exception of a six-month suspension from the date of the incident giving rise to her dismissal, and ordered the Carrier to comply within 30 days from the date of the transmission of the award to the Parties.

27. Ms. Akers was properly returned to work by Union Pacific and received all compensation as granted by the Akers Award, except for compensation for health insurance coverage Ms. Akers paid for while she was wrongfully dismissed from employment.

28. Despite repeated attempts by SMART-TD, Union Pacific has to date refused to reimburse Ms. Akers for the health insurance costs he incurred in obtaining coverage while improperly dismissed from employment in violation of the clear and unambiguous language of the Akers Award.

29. Section 3 First(p) and Second of the RLA, 45 U.S.C. § 153(p) and Second, provides that the findings and order of the Board are conclusive on the parties and are enforceable in this Court when the carrier fails to comply with an award.

**WHEREFORE,** Petitioner respectfully requests that this Court grant the following relief:

A. Issue injunctive relief requiring that Union Pacific, its officers, agents, and employees comply with NRAB awards; Award No. 30618; Award No. 30349; and Award No.

30320, including the full payment of compensation to each claimant for obtaining health insurance while improperly dismissed from employment, as ordered by the awards.

B. Award attorneys' fees and costs to SMART-TD in accordance with 45 U.S.C. § 153 First(p) and Second; and

C. Grant Petitioner such other and further relief, which this Court deems to be just and proper.

Respectfully submitted,

Shawn M. McKinley
Assistant General Counsel
Kevin C. Brodar
General Counsel
SMART-Transportation Division
8001 Sweet Valley Drive
Valley View, OH 44125
Tel: (216) 227-5414
kbrodar@smart-union.org
smckinley@smart-union.org

and

/s/ Robert E. Harrington, III
Robert E. Harrington, III
Dunn Harrington LLC
22 West Washington Street – Suite 1500
Chicago, Illinois 60602
Tel: (312) 548-7221
Fax: (312) 548-7223
reh@dhinjurylaw.com