EXHIBIT C

Form 1          **NATIONAL RAILROAD ADJUSTMENT BOARD**
**FIRST DIVISION**

Award No. 30320
Docket No. 50064
20-1-NRAB-00001-190258

The First Division consisted of the regular members and in addition Referee Barbara C. Deinhardt when award was rendered.

                       (SMART – Transportation Division
**PARTIES TO DISPUTE:**   (
                       (Union Pacific Railroad Company

**STATEMENT OF CLAIM:**

"Claim of Denver Yardperson K M Akers for reinstatement to service with all rights unimpaired, removal of all notations of this discipline from her personal record, and restoration of her disciplinary record to the status at which it stood prior to the instant case, with compensation for any lost time and benefits as a result of this matter, including but not limited to time lost if held out of service prior to the investigation, time lost while attending the investigation, and all wage equivalents to which entitled (including vacation benefits, all insurance benefits and monetary loss for such coverage) while improperly disciplined."

**FINDINGS:**

The First Division of the Adjustment Board, upon the whole record and all the evidence, finds that:

The carrier or carriers and the employee or employees involved in this dispute are respectively carrier and employee within the meaning of the Railway Labor Act, as approved June 21, 1934.

This Division of the Adjustment Board has jurisdiction over the dispute involved herein.

Parties to said dispute were given due notice of hearing thereon.

The Claimant, an 8-year employee, was assessed a MAPS Dismissal for having a cell phone in her pocket, not stowed, while working.

Form 1                                                          Award No. 30320
Page 2                                                          Docket No. 50064
                                                          20-1-NRAB-00001-190258

The Carrier argues that on July 12, 2018, the Claimant was working with her cell phone in her pocket, not stowed. Carrier therefore concludes that the employee violated GCOR 2.21: Electronic Devices. This was a critical rules violation and, as the Claimant was already at a MAPS Training 2 status, dismissal was warranted. Carrier contends that (1) the Carrier presented substantial evidence proving the Claimant's culpability; (2) the status assessed was both reasonable and consistent with the Carrier's policy; and (3) there were no procedural errors that would warrant overturning the MAPS status assessed.

The Organization argues that the Carrier's decision was harsh and without merit. The Claimant testified that she thought that "stowed" meant turned off and out of sight, which her phone was. (The Carrier witnesses testified that they believed that she thought she was acting in compliance with the Rule.) She had been trained two years prior on Rule 2.21, but not on the Glossary definition of "stowed." Further, the Claimant's mother has Alzheimer's and she is her mother's medical proxy. She testified that she keeps her phone in her pocket so that when she is on a break, she can turn it on and check her messages to check on her mother. The Carrier failed to meet its burden of proof.

While it is clear that the Claimant did violate the Rule when it is read in conjunction with the Glossary, the Board finds that there were mitigating circumstances that make dismissal excessive. The Managers on the property acknowledged that they believed her statements that she honestly thought that having the phone in her pocket was in compliance with the Rule. The word "stow" is defined in the dictionary as "to put away, as in a safe or convenient place; to put in the proper place while not in use." We cite these definitions only to show that her belief that putting her phone in her pocket was properly stowing it was not unreasonable, if she was not aware of the Glossary definition. (She also testified that she was not trained about the Glossary definition.) Certainly the Carrier has the right to further restrict the definition of stow to exclude her pocket as a proper storage place, but the Claimant's misunderstanding of the Rule was reasonable. She should be reinstated with a MAPS Training 2 and a six-month suspension calculated from the date of the incident, with back pay paid for the balance of the time out of service.

<u>AWARD</u>

Claim sustained in accordance with the Findings.

Form 1                                                      Award No. 30320
Page 3                                                      Docket No. 50064
                                                        20-1-NRAB-00001-190258

## ORDER

    This Board, after consideration of the dispute identified above, hereby orders
that an award favorable to the Claimant(s) be made.  The Carrier is ordered to make
the Award effective on or before 30 days following the postmark date the Award is
transmitted to the parties.

                              NATIONAL RAILROAD ADJUSTMENT BOARD
                              By Order of First Division


Dated at Chicago, Illinois, this 31st day of August 2020.